IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00661-BNB

MICHAEL J. HIGGINS,

Applicant,

v.

HARLEY LAPPIN, Director of the FBOP,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Michael J. Higgins, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. Higgins has submitted to the Court *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Court must construe the habeas corpus application liberally because Mr. Higgins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Higgins will be ordered to file an amended habeas corpus application.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Higgins' habeas corpus application is vague. He appears to be attacking a BOP decision to deny him a one-year sentence reduction available to inmates convicted of nonviolent offenses who successfully complete the residential drug abuse program (RDAP). He contends that he has been accepted into the RDAP program but complains that he is being denied a sentence reduction because the BOP determined he was convicted of a violent offense. However, he fails to allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. He relies, instead, upon attachments to the application, some of which only assert legal arguments, to explain his claims.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules) requires Mr. Higgins to go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). Rule 1(b) of the Section 2254 Rules applies the rules to a § 2241 application. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2241. **See Ruark v. Gunter**, 958 F.2d

318, 319 (10th Cir. 1992) (per curiam). Therefore, the Court finds that the application is deficient because it fails to comply with Fed. R. Civ. P. 8.

Finally, the Court notes that Mr. Higgins fails to name his custodian as the Respondent in the 28 U.S.C. § 2241 application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. **See** 28 U.S.C. § 2243; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; and **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). Rule 1(b) of the Section 2254 Rules applies the rules to 28 U.S.C. § 2241 habeas corpus applications. Accordingly, it is

ORDERED that Applicant, Michael J. Higgins, shall file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this order. It is

FURTHER ORDERED that the clerk of the Court shall mail to Mr. Higgins, together with a copy of this order, two copies of the Court-approved form for filing an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Higgins fails within the time allowed to file an amended application, as directed, the action will be dismissed without further notice.

DATED April 8, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00661-BNB

Michael J. Higgins
Reg No. 01914-029
FCI - Englewood
9595 W, Quincy Ave.
Littleton, CO 80123

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk