IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00661-BNB

MICHAEL J. HIGGINS,

Applicant,

v.

WARDEN GARCIA,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 15 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Michael J. Higgins, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Higgins has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On May 5, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and to address the affirmative defense of exhaustion of administrative remedies. On May 14, 2009, Respondent filed a preliminary response. Applicant has not filed a reply, although he was given the opportunity to do so.

The Court must construe liberally Mr. Higgins' habeas corpus application because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Higgins currently is serving a 188-month sentence for possession of methamphetamine with intent to distribute. He received a sentence enhancement because a gun was involved in the drug transaction. His projected release date, via good-conduct-time release, is January 10, 2013. He applied for and was accepted into BOP's residential drug abuse program on May 21, 2008.

Mr. Higgins complains that, as a result of the sentence enhancement he received for committing his drug offense with a firearm, he wrongfully has been denied the opportunity to earn a one-year sentence reduction pursuant to 18 U.S.C. § 3621 (e)(2)(B) for successful participation in the drug abuse program. Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. As relief, Mr. Higgins asks to be eligible for the one-year sentence reduction, to be transferred to a prison facility with a drug abuse program, and to be placed in such a program, among other relief.

Respondent argues that this action should be dismissed for Mr. Higgins' failure to exhaust administrative remedies as to his asserted claims prior to initiating the instant lawsuit. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, the exhaustion requirement is satisfied only through proper use of

the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Higgins. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Respondent provides evidence that Mr. Higgins has filed only three administrative remedies since his incarceration began, none of which pertains to his request for early release eligibility through placement in and completion of a drug abuse program. Although Mr. Higgins makes the unsupported claim that he has exhausted BOP administrative remedies, *see* amended complaint at 2, the record confirms that he has not initiated, much less completed, the BOP administrative remedy process prior to initiating the instant lawsuit. Therefore, the application will be denied and the action

3

dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for the failure of Applicant, Michael J. Higgins, to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 12 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00661-BNB

Michael J. Higgins
Reg No. 01914-029
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Terry Fox
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/15/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk